IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-153-BO

| | | |
|---|---|---|
| SHANDA CAMPBELL MERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 20, 24]. A hearing was held on these matters before the undersigned on September 13, 2019, at Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 20] is DENIED and defendant's motion [DE 24] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits and supplemental security income. Plaintiff filed her applications in March 2014. After initial denials, plaintiff was given a hearing before an Administrative Law Judge (ALJ) in April 2017. The ALJ issued an unfavorable ruling, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

In this case, the ALJ found at step two that plaintiff had the severe impairments of degenerative disc and facet joint disease of the lumbar spine, osteoarthritis of the knees, and obesity. At step three, the ALJ found plaintiff did not meet a Listing. After determining her RFC, at step four, the ALJ concluded plaintiff could perform her work as a general office clerk, and in the alternative, the ALJ concluded at step five that plaintiff could perform other jobs that existed in significant numbers in the national economy.

Plaintiff argues the ALJ failed to (1) properly consider her condition under the requirements of Listing 1.04;[2] and (2) failed to properly evaluate the opinion of treating physician Neill Musselwhite, M.D.

The Court finds the ALJ committed no reversible error and that the ALJ's decision is supported by substantial evidence. The ALJ properly determined plaintiff did not meet all the criteria for Listing 1.04A. The record evidence supports a finding that plaintiff had full range of

---

[2] The substance of plaintiff's first argument addresses the 1.04 Listing requirements, and so the Court presumes that reference to Listing 1.02 in plaintiff's argument heading is a typo.

3

motion of the back, and therefore, did not meet all the Listing requirements. Tr. 633, 666, 671. In addition, the ALJ sufficiently explained her reasons for discounting the opinion of Dr. Musselwhite. The ALJ detailed Dr. Musselwhite's assessment and noted that it was inconsistent with numerous treatment and examination notes showing no difficulty moving. *See* Tr. 620, 624, 628, 633, 639, 643, 657, 662. In short, the ALJ had a basis for giving less weight to Dr. Musselwhite's opinion, and this basis was adequately explained in her ruling.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 20] is DENIED and defendant's motion for judgment on the pleadings [DE 24] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __31__ day of September, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE